Harvey Grad
Harvey Grad, PS
1218 Third Avenue, Ste. 1000
Seattle, WA 98101
206.331.3927

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FREDERICK TUCKER, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>BRITISH AIRWAYS PLC, dba BRITISH AIRWAYS PLC, LTD, a foreign corporation; OMNISERV LIMITED, an ABM COMPANY and foreign corporation; AIR SERV CORPORATION, a foreign corporation; ABM Industries, a foreign corporation;<br><br>Defendants | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES |

## I. PARTIES

1.1  **Frederick Tucker** is a resident of Island County, Washington.

1.2  **British Airways PLC**, ("British Airways") dba British Airways PLC, LTD., is a foreign corporation organized and existing under the laws of Great Britain, with its principal place of business /registered office in Waterside, Hammondsworth, Great Britain. British Airways also has a registered agent in Washington and does business in King County Washington.

1.3  **Omniserv Limited** ("Omniserv"), an ABM Company, was formed in 2004 and is the European Division of AirServ Corporation, a company based in Atlanta Georgia and "the aviation vertical of ABM Industries" (ABM Industries, Inc.). ABM Industries was formerly known as American Building Material.

Tucker v. British Airways, et al
COMPLAINT
Page 1

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

Omniserv does business in Great Britain and specifically at Heathrow Airport, London. ABM Industries, Inc. ("ABM") is incorporated in Delaware and does business in multiple locations including Washington State where it has a business presence in King County and in Seattle, and SeaTac, and/or other locations.

1.4   **Air Serv Corporation** ("Airserv") is a company based in Atlanta, Georgia, USA, and existing under the laws of the state of Georgia, maintaining its principal place of business in the state of Georgia, registered to do business in Washington and doing business within King County. Defendant Omniserv is its European Division.

1.5   **ABM Industries, Inc.** ("ABM"), is incorporated in Delaware and does business in multiple locations including Washington state where it has a business presence in King County and in Seattle, and SeaTac, and/or other locations. Defendants Omniserv, and Airserv are wholly owned companies, subsidiaries or other entities of ABM. ABM has owned Airserv since at least 2004.

1.6   On or before April 29, 2014 Defendant British Airways was and still is a common carrier in the business of transporting passengers for hire.

1.7   Defendants Omniserv and AirServ are businesses engaged in the business of supporting airlines, which are common carriers. Many of the services which these defendants provide to airlines were once performed by the airlines themselves. These services include ground transportation, skycap, wheelchair service, unaccompanied minor service, electric cart drivers and cleaning of jet airlines.

1.8   On or before April 29, 2014 these defendants Omniserv and Airserv were common carriers in the business of transporting passengers for hire. The acts of each or any of them render the others and their parent company, ABM, liable to plaintiff for their errors and/or admissions as asserted in this complaint.

1.9   On or before April 29, 2014 each of these defendants, Airserv, Omniserv and ABM were the agents of one another and the agent of defendant British Airways.

Tucker v. British Airways, et al
COMPLAINT
Page 2

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

## II. JURISDICTION AND VENUE

2.1   This action is properly brought before and in the United States District for the Western District at Seattle pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and on the basis and the amount in controversy exceeds the jurisdictional amount of $75,000 as provided therein. Further this action is brought before this court pursuant to 28 U.S.C. § 1332(a) and § 1367, in that this matter arises under the laws, regulations and treaties of the United States, including but not limited to the Warsaw Convention, 49 Stat. 3000 *et seq.* (reprinted at 49 U.S.C. § 1502 note (1976)) and its modifications; 14 C.F.R. § 203 *et seq.*; the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (2003), Treaty Doc. No. 106-45, 2242 U.N.T.S. 350 ("Montreal Convention"); the IATA Inter-Carrier Agreements on Passenger Liability (IIA) and the Agreements on Measures to Implement the IATA Inter-carrier Agreement ("MIA") ("IIA" and "MIA" Agreements); and/or related Tariffs; additionally the amount in controversy exceeds $10,000.00 as provided by 28 U.S.C.A. § 1337.

2.2   Pursuant to Article 33 of the Montreal Convention, this action for damages is brought before the Court at the place of Plaintiff's destination.

2.3   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c).

2.4   This action is properly brought before the United States District Court for the Western District of Washington at Seattle because British Airways resides in this district.

2.5   This action is properly brought before the United States District Court for the Western District of Washington because Defendant AirServ resides in this District.

2.6   Defendants British Airways, AirServ, as well as defendants ABM (which resides in this district) maintain offices, conduct business and may be served in the Western District of Washington.

2.7   Defendants British Airways and AirServ, as well as ABM have carried on substantial and continuous business activities in the State of Washington.

Tucker v. British Airways, et al
COMPLAINT
Page 3

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

2.8     Defendants British Airways, AirServ and ABM have all availed themselves of this jurisdiction.

III. <u>FACTS</u>

3.1     Prior to his flight and disembarkation at Heathrow on April 29, 2014, Plaintiff reserved a British Airlines ticket for himself which included the flight from Rome to London, which flight he was deplaning when injured that date.

3.2     Plaintiff had pre-booked wheelchair assistance and was recorded as WCHR passenger, meaning he needed assistance in deplaning.  When Plaintiff Tucker made his reservation he specifically asked for a wheel chair for himself for disembarking which he routinely did for every flight he takes.

3.3     British Airways induced Plaintiff Tucker based on representations that it provided good service to persons with disabilities or difficulties in ambulation as well as assuring him that it had placed his wheelchair request for his flight to London.

3.4     Plaintiff Frederick Tucker has difficulties walking which means that he needed special assistance in boarding and deplaning the aircraft on which he was to travel from Rome to London.

3.5     On or before April 29, 2014 British Airways failed to inform Plaintiff Tucker that its agent Omniserv, a division of AirServ, would be providing the transportation assistance which he had contracted with British Airways to serve.

3.6     On April 29, 2015 Plaintiff Frederick Tucker was a fare-paying passenger aboard a British Airways aircraft with a destination of London from Rome on British Airways Flight 553, with his final destination being his home in Langley, Whidbey Island, Washington.   His next flight and his flight home was scheduled to depart that day by way of British Airways Flight 49 from London to Seattle.

3.7     At all times mentioned herein British Airways was and is a common carrier engaged in the business of transporting passengers for hire by air.

3.8     At all times mentioned herein, Defendants Omniserv, AirServ and their principal, ABM by its

Tucker v. British Airways, et al
COMPLAINT
Page 4

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

ownership of them as its agents, were and are common carriers engaging in the business of providing wheel chair service and transportation assistance to fare-paying passengers.

3.9   At all times mentioned herein Defendants Omniserv, AirServ and their principal, ABM were and are the agents for British Airways.

3.10   When his flight from Rome to London landed at Heathrow, London, Plaintiff Frederick Tucker remained in his seat while the other passengers deplaned.  Due to Plaintiff Tucker's infirmities he required a wheel chair to completely exit the plane and to enter the terminal.

3.11   Soon after the flight landed at Heathrow a female flight attendant told Plaintiff Frederick Tucker to remain in his seat, and then he would be escorted out to the jetway where a wheelchair would be for the remainder of his exit from the plane and into the terminal.   Plaintiff Tucker was sitting near the front of the aircraft.  When it was his turn to deplane the flight attendant helped him up from his seat and took his hand and led him to the entrance (exit) of the plane, holding his hand as she did.

The flight attendant took his arm and assisted him to the outside of the plane and located a wheelchair.  There was also a pilot and / or another employee or attendant present.  The flight assistant and/or another positioned the wheelchair but then failed to complete assisting him into the chair.  When Plaintiff Frederick Tucker went to sit the chair was not there and in attempting to adjust to the absence or misplacement of the wheelchair he fell forward suffering facial and other injuries including but not limited to the loss of a tooth and a cut to his head, as well as more serious injuries for which he had to have medical treatment.  He was brought upright by a crew member or an agent of British Airways and given a rag to stem the bleeding from his forehead.  A member of the British Airways crew stated "we will make it right".  Plaintiff Frederick Tucker's fall and injuries were a result of defendants' errors and omissions.

3.12   As a result of his fall Plaintiff Frederick Tucker experienced immediate and extensive pain and discomfort.

Tucker v. British Airways, et al
COMPLAINT
Page 5

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

3.13   Plaintiff Frederick Tucker was issued a meal voucher for all three meals on April 29, 2014.

3.14   Plaintiff Frederick Tucker was transferred from Heathrow Airport to Hillington Hospitals NHS Foundation Trust in Middlesex for medial treatment.  He was admitted on April 29, 2014 at 15:51 hours.

3.15   Following his arrival in Seattle he went to the Stroke Clinic of Harborview Medical Center (HMC) on May 23, 2014 where his regular physician from a prior and unrelated (to this event) admission, Dr. Weinsten was practicing.  He was diagnosed with head trauma and headache and there diagnosed with a degree of cognitive impairment and an abnormal MRI arising from his injuries occurring while deplaning from British Airways Flt 553 at London on April 29, 2014.  As a result of the fall at Heathrow he suffered injuries and sustained damages.

IV.   DUTY

4.1   Plaintiff hereby alleges and incorporates all paragraphs in Sections I-III, above, by reference herein.

4.2   Defendant British Airways, its officers, agents (including Omniserv, AirServ, ABM and its/their officers, agents, servants and/or employees), servants and/or employees had a duty of utmost care and vigilance to its / their fare-paying passengers, including Plaintiff Frederick Tucker, to transport him/them safely.

4.3   Defendants AirServ, Omniserv and ABM, its/their officers, agents, servants and/or employees had a duty of utmost care and vigilance to its / their fare-paying passengers, including Plaintiff Frederick Tucker, aboard Defendant British Airways' aircraft to transport them safely.

4.4   Defendant British Airways had a duty to use the highest degree of care consistent with the operation of its aircraft and its business as a common carrier.

4.5   Defendants AirServ, Omniserv and ABM had the duty to use highest degree of care consistent with its / their business as a wheelchair provider.

4.6   Defendants AirServ, Omniserv and ABM had the duty to use highest degree of care consistent

Tucker v. British Airways, et al
COMPLAINT
Page 6

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

with its / their business as a common carrier.

4.7   Given his infirmities and/or disability Defendants British Airways, and its officers, agents (including AirServ, Omniserv and ABM and its/their officers, agents and/or employees), servants and/or employees owed an even higher duty of care to Plaintiff Frederick Tucker than it / they owed to passengers in good health.

4.8   Given his infirmities and/or disability Defendants AirServ, Omniserv and ABM, and its / their officers, agents and its/their officers agents and/or employees, servants and/or employees owed an even higher duty of care to Plaintiff Frederick Tucker than it / they owed to passengers in good health.

## V.  NOTICE

5.1   Plaintiff hereby alleges and incorporates all paragraphs in Sections I-IV, above, by reference herein.

5.2   Prior to the aforementioned incident on British Airways Flight 553, Defendant British Airways received actual or constructive notice of Plaintiff Frederick Tucker's ambulation difficulties.

5.3    Prior to the aforementioned incident on British Airways Flight 553, Defendant AirServ received actual or constructive notice of Plaintiff Frederick Tucker's ambulation difficulties.

5.4   Prior to the aforementioned incident on British Airways Flight 553, Defendant British Airways received actual or constructive notice that Plaintiff Frederick Tucker's ambulation difficulties would require wheelchair assistance.

5.5   Prior to the aforementioned incident on British Airways Flight 553, Defendant AirServ, Omniserv, and ABM received actual or constructive notice that Plaintiff Frederick Tucker's ambulation difficulties would require wheelchair assistance.

5.6   Prior to the aforementioned incident on British Airways Flight 553, Defendant British Airways and its agents knew or should have known that they could not safely transport Plaintiff Frederick

Tucker v. British Airways, et al
COMPLAINT
Page 7

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

Tucker's without appropriately trained personnel or appropriate equipment.

5.7   Prior to the aforementioned incident on British Airways Flight 553, Defendant AirServ, Omniserv, and ABM and their agents knew or should have known that they could not safely transport Plaintiff Frederick Tucker's without appropriately trained personnel or appropriate equipment.

## VI.   NEGLIGENCE AND CAUSATION

6.1   Plaintiff hereby alleges and incorporates all paragraphs in Sections I-V, above, by reference herein.

6.2   At all times material hereto, British Airways Flight 553 was operated by a common carrier engaged in the business of transporting fare-paying passengers.  As a common carrier, Defendant British Airways owed the highest duty of care to its passengers, including Plaintiff Frederick Tucker, a passenger on Flight No. 553.

6.3   At all times material hereto, AirServ Corp. was a common carrier engaged in the business of providing wheelchair service and transportation assistance to fare-paying passengers on British Airways Flight No. 553.  As a common carrier, Defendants AirServ, Omniserv, and ABM owed the highest duty of care to these passengers, including Plaintiff Frederick Tucker, a passenger on Flight No. 553.

6.4   At all times material hereto, the relationship of disabled passenger to common carrier existed between Defendant British Airways and its agents (including Defendants AirServ, Omniserv, and ABM and its agents) and Plaintiff Frederick Tucker.

6.5   At all times material hereto, the relationship of disabled passenger to common carrier existed between Defendants AirServ, Omniserv, and ABM and its agents and Plaintiff Frederick Tucker.

6.6   Defendant British Airways was negligent in that it failed to provide Plaintiff Frederick Tucker, a passenger on Flight No. 533, with the service and attention required by a disabled passenger.

6.7   Defendants AirServ, Omniserv, and ABM were negligent in that it failed to provide Plaintiff

Tucker v. British Airways, et al
COMPLAINT
Page 8

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

Frederick Tucker, a passenger on Flight No. 533, with the service and attention required by a disabled passenger.

6.8   Defendant British Airways was negligent in that it failed to exercise the highest degree of care commensurate with the practical operation of Flight No. 533 in its business as a common carrier.

6.9   Defendants AirServ, Omniserv, and ABM were negligent in that they failed to exercise the highest degree of care commensurate with the practical operation of its business as wheelchair service provider.

6.10  Defendants AirServ, Omniserv, and ABM were negligent in that they failed to exercise the highest degree of care commensurate with the practical operation of its business as a common carrier.

6.11  Defendant British Airways' negligence proximately caused injuries and damages to Plaintiff Frederick Tucker as identified in section VIII of this Complaint.

6.12  Defendants AirServ's, Omniserv's, and ABM's negligence proximately caused injuries and damages to Plaintiff Frederick Tucker as identified in section VIII of this Complaint.

## VII.  BREACH OF CONTRACT

7.1   Plaintiff hereby alleges and incorporates all paragraphs in Sections I-VI, above, by reference herein.

7.2   Defendant British Airways agreed to safely transport Plaintiff Frederick Tucker for compensation.

7.3   Defendant British Airways breached this agreement by failing to safely transport Plaintiff Frederick Tucker and by failing to provide him with the service and attention required by a disabled passenger.  As a result Plaintiff sustained damages as identified in Section IX of this Complaint.

## VIII.  BRITISH AIRWAYS' VIOLATION OF THE CONSUMER PROTECTION ACT

8.1   Plaintiff hereby alleged and incorporates all paragraphs in Section I-VII, above, by reference

Tucker v. British Airways, et al
COMPLAINT
Page 9

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

herein.

8.2     Defendant British Airways engaged in deceptive practice prohibited by the Washington Consumer Protection Act, RCW 19.86.

8.3     Plaintiff Frederick Tucker relied on British Airways' statements and representations regarding the transportation assistance it provided its passengers with special travel needs.

8.4     In its advertising, British Airways holds itself out a providing appropriate service to travelers with disabilities. This advertising induced Plaintiff Frederick Tucker to become a fare-paying passenger aboard British Airways Flight No. 533.

8.5     After Frederick Tucker affirmatively advised British Airways that he was disabled and needed travel assistance, British Airways represented that they would provide this assistance.

8.6     The statements and representations made by Defendant British Airways (8.4, 8.5) constitute a deceptive practice.

8.7     British Airways concealed that AirServ was its agent and would be providing the travel assistance that British Airways contracted with Plaintiff Frederick Tucker to provide.

8.8     Plaintiff Frederick Tucker believed that British Airways itself would provide the travel assistance.

8.9     By concealing the facts set forth in Paragraphs 8.7 above, and other facts, British Airways deceived Plaintiff Frederick Tucker, and had the capacity to deceive other passengers with special travel needs into becoming fare-paying passengers aboard British Airways.

8.10    Defendant British Airways representations constitute unfair or deceptive acts or practices in the conduct of trade or commerce.  The service of providing wheelchairs and travel assistance to fare-paying passengers with special travel needs heavily affects the public interest.

8.11    As a result of Defendant British Airways false and misleading representations about the travel assistance it would provide Plaintiff Frederick Tucker, he paid for a plane ticket and travel assistance

Tucker v. British Airways, et al
COMPLAINT
Page 10

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

that resulted in his suffering the physical and emotional damages identified in Section IX as well as property loss.

### IX.  DAMAGES

9.1   Plaintiff hereby alleges and incorporates all paragraphs in Sections I-VIII, above, by reference herein.

9.2   Defendant British Airways' negligence proximately caused injuries and damages to Plaintiff Frederick Tucker, including but not limited to severe physical injuries, past and future medical expenses, past and future pain and suffering, past and future emotional distress, past and future loss of enjoyment of life, past and future physical disability, trauma, fear, fright, embarrassment, and any and all special and general damages allowed by law or otherwise, and property loss, all in an amount to be proven at trial.

9.3   Defendants AirServ's, Omniserv's, and ABM's negligence proximately caused injuries and damages to Plaintiff Frederick Tucker, including but not limited to severe physical injuries, past and future medical expenses, past and future pain and suffering, past and future emotional distress, past and future loss of enjoyment of life, past and future physical disability, trauma, fear, fright, embarrassment, and any and all special and general damages allowed by law or otherwise, and property loss, all in an amount to be proven at trial.

### X.  PRAYER FOR RELEIF

WHEREFORE, Plaintiff prays for judgment of liability in favor of the Plaintiff and against the Defendants herein as follows:

10.1   For judgment against Defendants for general and special damages in an amount to be proven at the time of trial;

10.2   For all costs and expenses herein;

Tucker v. British Airways, et al
COMPLAINT
Page 11

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284

10.3   For prejudgment interest on all damages herein;

10.4   For attorney fees, disbursements, and litigation expenses;

10.5   For treble damages consistent with RCW 19.86.090.

10.6   For such other and further relief as this Court deems just and equitable.

DATED this 28th day of April 2016.

        s/Harvey Grad
Harvey Grad, WSBA 6506
Harvey Grad, PS
Attorney for Plaintiff
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph: 206.331.3927; Fax 206.327.9284
Harvey@HarveyGradLaw.com

Tucker v. British Airways, et al
COMPLAINT
Page 12

Harvey Grad, WSBA 6506
Harvey Grad, PS
1218 Third Avenue, Suite 1000
Seattle, WA 98101
Ph.: 206.331.3927 – Fax: 206.327.9284