THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK TUCKER, an individual, | No. 2:16-cv-00618 RAJ |
| Plaintiff, | **ORDER** |
| vs. | |
| BRITISH AIRWAYS PLC, dba BRITISH AIRWAYS PLC, LTD, a foreign corporation; OMNISERV LIMITED, an ABM COMPANY and foreign corporation; AIR SERV CORPORATION, a foreign corporation; ABM Industries, a foreign corporation; | |
| Defendants. | |

This matter comes before the Court on Defendants Omni Serv Limited, Air Serv Corporation, and ABM Industries' (collectively, "Omni Defendants") Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Amend Answer to Cross-Claims. Dkt. ## 26, 42. The Omni Defendants did not request oral argument. Based on the record before it, the Court **DENIES** the motions.

ORDER-1

The Federal Rules that govern the Omni Defendants' requests are clear. Rule 12(b) states that any motion asserting a claim for lack of personal jurisdiction "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Rule 12(h)(1)(B) states that a party has waived a defense of lack of personal jurisdiction if it fails to "(i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B). The accompanying Advisory Committee Notes to Rule 12 further clarify the issue of waiver:

> By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading. **Since the language of the subdivisions is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver**.

Fed. R. Civ. P. 12(h) advisory committee's note to 1966 amendment (emphasis added).

The Omni Defendants concede that they neither asserted this defense in a motion nor in a responsive pleading. Dkt. # 42. Despite this, they argue that this Court may use its discretion to

ORDER-2

pardon the Omni Defendants for simply forgetting to include this defense in the procedurally proper course of litigation. *Id.* The Omni Defendants cite no authority for this proposition, most likely because no such authority exists. Were this Court to exercise such discretion, it would deprive Rule 12 of its force and create a line of precedence untethered from law or policy. Accordingly, the Court declines the Omni Defendants' invitation to reinterpret Rule 12.

The Omni Defendants waived their defense that this Court lacks personal jurisdiction. As such, the Court **DENIES** their motion to dismiss as well as their motion to amend. Dkt. ## 26, 42.

Dated this 29th day of November, 2017.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER-3