THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK TUCKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BRITISH AIRWAYS PLC, dba BRITISH AIRWAYS PLC, LTD, a foreign corporation; OMNISERV LIMITED, an ABM COMPANY and foreign corporation; AIR SERV CORPORATION, a foreign corporation; ABM Industries, a foreign corporation;<br><br>Defendants. | No. 2:16-cv-00618 RAJ<br><br>**ORDER** |

This matter comes before the Court on Defendants Omni Serv Limited ("Omni"), Air Serv Corporation ("Air Serv"), and ABM Industries' ("ABM") (collectively, "Omni Defendants") Motion for Reconsideration. Dkt. # 48. British Airways and Plaintiff filed a response. Dkt. ## 51, 52.

**I. BACKGROUND**

ORDER-1

This Court denied Omni Defendants' motion to dismiss for lack of personal jurisdiction. Its reasoning was based on Omni Defendants' failure to raise this defense when answering British Airways, PLC's ("British Airways") cross-claims. Omni Defendants now seek reconsideration of that Order as to Plaintiff's claims, over which Omni Defendants asserted a personal jurisdiction defense.

## II. DISCUSSION

### A. Motion for Reconsideration

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

Omni Defendants move the Court to reconsider its Order denying the motion to dismiss. Dkt. # 47. Omni Defendants argue that the Court committed error in denying the motion on behalf of Plaintiff's claims versus British Airways' cross-claims. Dkt. # 48. Omni Defendants aver that they preserved their personal jurisdiction defense against Plaintiff's claims, and therefore this Court necessarily needed to analyze whether it could assert personal jurisdiction over these defendants. *Id.*; *see also* Dkt. # 16 at 8 (in answering Plaintiff's Complaint, Omni Defendants defended by stating that "[t]he Court lacks personal jurisdiction over one or more or all of the Defendants."). The Court agrees. The Court finds that it risks committing error were it to continue with this litigation without first analyzing whether it can exercise personal jurisdiction over Omni Defendants. For this reason the Court **GRANTS** the motion for reconsideration. Dkt. # 48. The Court will analyze the personal jurisdiction issue below.

### B. Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. *Personal Jurisdiction*

Plaintiff has the burden of establishing personal jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "It is well established that where the district court relies solely on affidavits and discovery materials, the plaintiff need only establish a *prima facie*

ORDER-2

case of jurisdiction." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993). Washington's long-arm statute, RCW 4.28.185, "extends jurisdiction to the limit of federal due process." *Shute v. Carnival Cruise Lines*, 113 Wn. 2d 763, 771, 783 P.2d 78 (1989). The due process clause grants the court jurisdiction over defendants who have "certain minimum contacts . . . such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

          *a. General Jurisdiction*

Plaintiff does not specifically argue that the Court has general jurisdiction over Air Serv or its subsidiaries. British Airways does argue this point, though the Court has already found that the Court has jurisdiction over Omni Defendants for purposes of British Airways' cross-claims. The Court will nonetheless analyze whether it has general jurisdiction over Air Serv for purposes of Plaintiff's claims.

For general jurisdiction to exist, the defendant must engage in "continuous and systematic general business contacts that 'approximate physical presence' in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citations omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* (citations omitted).

British Airways argues that the Court may exercise general jurisdiction over Air Serv because it has "maintained continuous and systematic activities within this forum" by way of its office, registered agent of service of process, and potential customers in Washington. Dkt. # 36 at 9. But neither British Airways nor Plaintiff has shown that these activities are "so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Without more, Plaintiff and British Airways fail to show that Air Serv's activities within Washington "support the demand that the [it] be amendable to suits

ORDER-3

unrelated to" those activities. *Id.* at 757. Therefore, the Court finds that it may not exercise general jurisdiction over Air Serv.

Any remaining arguments regarding Omni Defendants' personal jurisdiction defense go to whether the Court may exercise specific jurisdiction over these defendants. The Court's analysis of specific jurisdiction follows below.

### b. Specific Jurisdiction

Plaintiff argues that the Court has specific jurisdiction over Omni Defendants. The Court applies a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate: (1) the defendant has purposely availed itself of the forum, (2) the plaintiff's claims arise out of the defendant's forum-related activities, and (3) exercise of jurisdiction is reasonable. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Plaintiff bears the burden of satisfying the first two prongs. *Id.* The burden then shifts to the defendant to make a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

### c. Purposeful Availment or Direction

Courts often use the phrase "purposeful availment" to include both purposeful availment and purposeful direction. *Schwarzenegger*, 374 F.3d at 802. A purposeful availment analysis is most often used in suits sounding in contract. *Id.* Purposeful direction analysis is most often used in suits involving intentional torts. *Id.* To have purposely availed itself of the privilege of doing business in the forum, a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). The Ninth Circuit evaluates purposeful direction using the *Calder* effects test, which examines whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

Plaintiff argues that Omni Defendants purposely availed themselves of the forum by providing services "in multiple forums and to an airline, BA, which utilizes multiple airports

ORDER-4

worldwide, and in specific, London *and* Seattle, and that [Omni Defendants] provid[e] these services to these various passengers in both places." Dkt. # 34 at 7. British Airways maintains that Omni Defendants purposely availed themselves of the forum by allowing passengers to book services online while physically sitting at a computer in Washington. Dkt. # 36 at 7. This line of reasoning suggests that Omni Defendants could be haled into court in any forum in which a plaintiff had access to the online booking website, notwithstanding the forum in which the plaintiff sustained injuries. But this Court may not exercise personal jurisdiction over Omni Defendants merely because it is foreseeable that a Washington resident may book services online in Washington, become injured abroad, and file suit in Washington. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) (finding that "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). Because Plaintiff's argument for personal jurisdiction rests on the allegation that Omni Defendants "are in multiple venues precisely to catch" business—but not that Omni Defendants purposely availed themselves of this forum such that defending a lawsuit in this district was foreseeable—the Court finds that Plaintiff failed to meet its burden under the first step in the Court's analysis. As such, the Court's analysis ends here.

   2. *Montreal Convention*

Plaintiff argues that the Montreal Convention mandates the Court's jurisdiction over Omni Defendants. Dkt. # 34 at 10. Specifically, Plaintiff argues that by agreeing to provide wheelchair services for British Airways passengers, Omni Serv is an agent of British Airways as defined by Article 30. *Id.*; *see also* Article 30, Convention for the Unification of Certain Rules for International Carriage by Air Montreal, May 28, 1999 ("Montreal Convention"). However, the only contract submitted into evidence is between Air Serv and Heathrow Airport Limited, not between any of the Omni Defendants and British Airways. *See* Dkt. # 37-1; *see also* Dkt. 27 at 4 (excerpt from a contract allegedly entered into between Heathrow Airport Limited and Omni Serv). Plaintiff does not submit anything more that evidences an agency relationship

ORDER-5

between Omni Defendants and British Airways. Therefore, Plaintiff has failed to show that an agency relationship exists between British Airways and Omni Defendants.

Plaintiff nonetheless argues that Article 33 of the Montreal Convention establishes personal jurisdiction because Plaintiff was a permanent resident of Washington at the time of his accident. Dkt. # 34 at 10. Because this residential fact satisfies one of Article 33's requirements for jurisdiction, Plaintiff claims that the Court may exercise personal jurisdiction over Omni Defendants. *Id.* However, the Montreal Convention establishes subject matter jurisdiction; it does not confer personal jurisdiction. *Weinberg v. Grand Circle Travel, LCC*, 891 F. Supp. 2d 228, 237 (D. Mass. 2012) ("Even if plaintiffs establish subject matter jurisdiction under the Montreal Convention, the court still has to address the issue of personal jurisdiction."); *see also Martinez v. Aero Caribbean*, No. C 11-03194 WHA, 2012 WL 258658, at *3 (N.D. Cal. Jan. 27, 2012) (reviewing claims brought pursuant to Montreal Convention under subject-matter jurisdiction analysis, not personal jurisdiction analysis). As such, Plaintiff failed to meet his burden to show that this Court may exercise personal jurisdiction over Omni Defendants.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Omni Defendants' motion for reconsideration. Dkt. # 48. Upon reconsideration, the Court **GRANTS in part and DENIES in part** Omni Defendants' motion to dismiss for lack of personal jurisdiction. Dkt. # 26. The Court **GRANTS** the motion as to Plaintiff's claims. This Order does not alter the Court's prior decision with regard to British Airways' cross-claims. The Court has personal jurisdiction over Omni Defendants for purposes of those claims.

The Court **DENIES** Omni Defendants' motion to strike embedded in its Reply. Dkt. # 39.

Plaintiff suggests that he is missing Omni Defendants' responses to discovery which may aid in proving the existence of personal jurisdiction. Dkt. # 34 at 10. However, Plaintiff does not specifically request leave to conduct additional jurisdictional discovery but rather attempts to

ORDER-6

embed a motion to compel into his responsive briefing.  The Court will not entertain a unilateral motion to compel.  Therefore, the Court does not grant Plaintiff's request.

Dated this 14th day of December, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER-7